ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

MAR 2 8 2006

ARLEN B. COYLE, CLERK
By_____
Deputy

STEVEN HARRIS
_____
Plaintiff

v.                    TRIAL BY JURY                    CASE NO. 1:06CV95-D-B

JEFF MANN et al.,
_____
Defendant

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1.  The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

    A. Legal name: STEVEN HARRIS

    B. Name under which sentenced: STEPHEN HARRIS

    C. Inmate identification number: K-2472

    D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): Unit 7 T-3-2 P.O. Box 1419 LEAKESVILLE, MS 39451

    E. Place of confinement:

2.  Plaintiff names the following person(s) as the Defendant(s) in this civil action:

    Name: JEFF MANN

    Title (Superintendent, Sheriff, etc.): DEPUTY At OKT. CNTY JAIL

    Defendant's mailing address (street or post office box number, city, state, ZIP) 111 Dr. D.L. CONNER Drive STARKVILLE, MS 39759

# CONTINUATION OF QUESTION #(1)

This is a civil rights action filed by STEVEN HARRIS, A STATE prisoner/pre-trial detainee, for damages and injunctive relief under 42 U.S.C. § 1983, alleging excessive use of force and denial of serious medical care in violation of the 8th Amend. of the U.S. Constitution, in addition to confinement in segregation under harsh condition, unlawful use of restraints following hunger pangs caused by 24hr. period without food would demonstrate the wanton and unnecessary infliction of pain and basic human needs constitutes 8th Amend. violation and conspiracy to cover-up assaultive actions, where reports were conformed against plantiff constituting 42 U.S.C. 1985 conspiracy. The plantiff also allege the deprivation of Administrative remedies in violation of Due Process Clause of the 14th Amend to the U.S. Constitution. Plantiff further allege the torts of assault and battery and negligence.

## Jurisdiction

The court has jurisdiction over the plantiffs' claim of violation of Federal Constitutional rights under 42 U.S.C. §§ 1331(a) and 1343. The court has supplemental jurisdiction over the plantiff's state law tort claims under 28 U.S.C. § 1367.

## PARTIES

Capacity being rendered for following defendants: Schaefer, Griggs, ODNEAL, Bell, Blasingame, Vaughn, Sykes, Peoples, DELOACH, SAYERS, Branson, Brown, Mann, and Johnson, Emerson, sued in their individual capacities, and defendants Bryan, Young, and Carrithers, sued in their individual and official capacities. All defendants have acted, and continue to act under color of state law at all times relevant to this complaint.

## CONTINUATION OF QUESTION (2)

NAME: _____ ANGIE Brown
TITLE (Superintendant, Sheriff, etc): JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ UNDRA PEOPLES
TITLE (Superintendant, Sheriff, etc): JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ JIMMY VAUGHN
TITLE (Superintendant, Sheriff, etc): JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ TAshA Branson
TITLE (Superintendant, Sheriff, etc): JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ ED BLASINGAME
TITLE (Superintendant, Sheriff, etc): SUPERVISING JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ REGINA SYKES
TITLE (Superintendant, Sheriff, etc): SUPERVISING JAILER
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

NAME: _____ ANTHONY JOHNSON
TITLE (Superintendant, Sheriff, etc): DEPUTY
DEFEndAnt's MAiling Address (street or 111 Dr. D.L. CONNER Dr.
post office box #, city, state, Zip) STARKVille, MS 39759

## CONTINUATION OF QUESTION (2)

NAME: **SHONDA DELOACH**
Title(Superintendant, Sheriff,etc): **SUPERVISING JAILER**
Defendant's mailing address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **ARCHIE SAVERS**
Title(Superintendant, Sheriff, etc): **DEPUTY**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **TERRY BELL**
Title(Superintendant, Sheriff, etc): **JAILER**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **DOLPH BRYAN**
Title(Superintendant, Sheriff, etc): **SHERIFF**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **GEORGE CARRITHERS**
Title(Superintendant, Sheriff, etc): **CHIEF DEPUTY**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **EDDIE T. YOUNG**
Title(Superintendant, Sheriff, etc): **JAIL ADMINISTRATOR**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

NAME: **KATHLEEN ODNEAL**
Title(Superintendant, Sheriff, etc): **SUPERVISING JAILER**
Defendant's mailing Address(street or post office box #, city, state, Zip)
**111 Dr. D. L. CONNER Dr.
STARKVILLE, MS 39759**

ND Miss. Form P3, Complaint Challenging Conditions of Confinement (4/00)                    Page 2

Name: **WILLIAM SCHAEFER**

Title (Superintendent, Sheriff, etc.): **JAILER AT OKT. CNTY JAIL**

Defendant's mailing address (street or post office. box number, city, state, ZIP) **III Dr. D.L. CONNER DRIVE STARKVILLE, MS 39759**

Name: **BRANDON BRIGGS**

Title (Superintendent, Sheriff, etc.): **JAILER AT OKT. CNTY JAIL**

Defendant's mailing address (street or post office box number, city, state, ZIP) **III Dr. D.L. CONNER DRIVE STARKVILLE, MS 39759**

Name: **RICK EMERSON**

Title (Superintendent, Sheriff, etc.): **JAILER AT OKT. CNTY JAIL**

Defendant's mailing address (street or post office box number, city, state, ZIP) **III Dr. D.L. CONNER DRIVE STARKVILLE, MS 39759**

(If additional Defendants are named, provide on separates sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3.   Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?    ☐ Yes    ☑ No

4.   If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

A. Parties to the lawsuit:

Plaintiff(s): _____

Defendant(s): _____

B. Court: _____   C. Docket No.: _____

D. Judge's Name: _____   E. Date suit filed: _____

F. Date decided: _____   G. Result (affirmed, reversed, etc.): _____

5.   Is there a prisoner grievance procedure or system in the place of your confinement?    ☑ Yes    ☐ No

6.   If "Yes," did you present to the grievance system **the same facts and issues** you allege in this complaint? (See question 9, below).    ☑ Yes    ☐ No

7.   If you checked "Yes" in Question 6, answer the following questions:

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 3

A. Does the grievance system place a limit on the time within which a grievance must be presented?   ☐ Yes   ☑ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed?   ☑ Yes   ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

On Dec 15th, 2004 defendant MANN Escorted plantiff bACK to OKT. CNTY JAIL from Lowndes Cnty JAIL "Knowingly" prior incident had transpired, And plantiff demanded to be housed At Lowndes Cnty. Upon Arrival I pursued Administrative re--medy Alternatives through Supervisors, Chief Deputy, ADMI--NISTRATOR, And SHERIFF, where they're listed as defendants for disregarding A pervasive risk, denial of transfer, And in violation for not Adhering to An Appropriate remedy, where the chain of command ignored prior conflict dated: Nov. 16, 2003, where plantiff feared being in custody of OKT. CNTY!

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

Plantiff wAs denied opportunity to Address grievance on grounds for transfer on Dec 15, 04 And the result led to An unprovoked incident of Excessive force transpiring on Dec 16, 2004. The ARP process wAs not Adhered to by, nor wAs process implemented to Assist detainees, Arrestees, And convicts At, or during confinement from Dec. 15, 04 to JAn. 26, 2005, the dAy plantiff wAs revoked At revocation heAring. Plantiff further Attempted to press cha--rges on defendant Young, accompanied with An unit of officers Employed At OKT. CNTY JAIL, but wAs denied that right.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 4

---

**Special Note**: Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

---

8.    If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

Upon Arrival to OKT. CNTY JAIL, Plantiff made multiple requests, but the Supervising Jailers intentionally denied Every request before And After the Assaults in Addition to denial of medical Assistance As Plantiff sought remedies under fear, intimidation And oppressive tactics; (denied)..

9.    Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

1. On DECEMBER 15th, 2004, DEPUTY JEFF MANN Arrived At Lowndes CNTY ADULT DETENTION CNTER to take custody of Plantiff And Escort Plantiff to OKTIBBEHA CNTY JAIL.

2. Upon the Arrival At OKT. CNTY JAIL, Plantiff made known fears to DEPUTY JEFF MANN regarding A prior incident with OKT. CNTY OFFICIALS on November 16, 2003, but the DEPUTY stated An REVOCATION HEARING WAS scheduled on the 15th of DECEMBER, 2004.

3. During security procedures, OKT. CNTY JAILERS Informed PlantIff that they would house ME until OKT. CNTY COURTS make preparations to render An REVOCATION HEARING.

4. PLANTIFF then demanded to be Escorted immediately, due to fear of conflict And several supervisors were informed that Plantiff fears for his personal safety.

5. Supervising JAILER ED BLASINGAME Assured PLANTIFF that nothing would happen And through cooperation I WAS placed on main jail floor in cell M-8 Awaiting An phonecall.

6. Plantiff feared the results of Another Attack by OKT. CNTY Officials while Awaiting An phonecall.

6. BEING housed on main jail floor, defendant Sykes informed plantiff that he is on lockdown, but an hour would be given to make phonecalls and showers, but requests for tranofer reiterated were denied.

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

A. Issue declaratory judgement stating that:

1. The denial of obtaining access of Administrative remedies and or court access in filing charges or obtaining immediate transfer from custody of defendants Bryan, Young, Carrithers or their agents violated plantiff's rights under Due Process clause of the 14th Amend. of U.S. CONST.

2. Defendants Bryan, Young, Carrithers failure to grant protection and or review immediate requests or enforce a policy or take other reasonable steps which may have prevented a pervasive risk in violation of Due Process Clause of the 14th Amend. of the U.S. Const.

3. The excessive force against plantiff by defendants Schaefer; Young, and unit of officers violated plantiffs rights under the 8th Amend. to the U.S. Const.

~ Continuation Attached ~

This Complaint was executed at (location): SMCI 2 ⑦ 3-2

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 2-20-06

Plaintiff's Signature

# CONTINUATION OF QUESTION #(9)

7. AT approx. 8:45 on the 15th of DEC., 2004, JAILER SHONDA DELOACH Allowed PLANTIFF to make an phonecall whereby immediate family: (Mother) MARTHA HARRIS; (FATHER) MALICHI RANDLE; (SISTERS) JANNICE COGGINS and SHIRLEY HARRIS; (BROTHER) STEVE HARRIS and MS. KEMETHA RUPERT being informed that PLANTIFF fears for his life and the OKT. CNTY OFFICIALS need to be notified to get PLANTIFF escorted ELSEWHERE.

8. ON the 16th of DECEMBER, 2004 during EARLY morning routine of cleaning cells individually, JAILER WILLIAM SCHAEFER Approached cell M-8 And presented an direct order to clean the cell, but PLANTIFF continued to explain situation of an transfer.

9. JAILER WILLIAM SCHAEFER summoned SUPERVISING JAILER: KATHLEEN ODNEAL to open cell M-8 through security panel, And JAILER SCHAEFER re-directed the order with Agression.

10. PLAINTIFF protruded through entrance of cell M-8 bypassing JAILER SCHAEFER And immediately moved towards the security tower to explain to Supervising JAILER: KATHLEEN ODNEAL that I need some Assistance immediately to deal with the situation At hand because PLANTIFF did not feel safe.

11. PLANTIFF furthur stated to Supervising Jailer: KATHLEEN ODNEAL that it's A conflict of interest of housing An known victim to A prior incident, but An order was given by Supervising Jailer to return back to cell M-8.

12. Plantiff begin to comply with Supervisor ODNEAL's order, when JAILER WILLIAM SCHAEFER simultaneously grabbed the chemical deterrant from his side exposing PLANTIFF to the dispersed chemicals.

# CONTINUATION OF QUESTION (9)

13. PLANTIFF attempted to protect the eyes from exposure of chemicals and JAILER SCHAEFER intentionally struck the Plantiff with the MACE can accompanied with clenched fist, striking the Plantiff.

14. Plantiff instantly grabbed JAILER WILLIAM SCHAEFER and wrestled with the JAILER to prevent severe injuries from the attack, which transpired on main jail floor.

15. PLANTIFF continued to wrestle with JAILER SCHAEFER until a large group of JAILERS and DEPUTIES arrived.

16. PLANTIFF being blinded by the chemicals, felt my body weight being lifted up from the bottom and slammed on the main jail floor by unknown unit of officers.

17. The unknown unit of officers applied restraint gear in an excessive or injurious manner by twisting Plantiff's arms with the weight of an officer's knee in the back area, accompanied with being sprayed again with an chemical agent.

18. The unit of officers then escorted PLANTIFF through 2 security doors, while punches were thrown from behind the PLANTIFF.

19. PLANTIFF was taken into the booking room, where the unit of officers led Plantiff as one would lead a blind man, to a bucket of chemical-treated water whereby Plantiff discovered that it was a mop bucket.

20. PLANTIFF'S head was dipped into the sanatized water once for 4-5 seconds and plantiff raised up, due to heavy breathing and the energy to be relieved from fear the most.

21. An officer within the unit applied a hand to signal that Plantiff need to continue with another "face dive" in the mop bucket, which lasted 3-4 seconds and the effect of sight coming back, but eyes were still burning, followed by heavy breathing.

# CONTINUATION OF QUESTION (9)

22. PLANTIFF dipped his face into the mop bucket the 3rd time for About 1-3 seconds And raised up, As my vison returning to normal standards.

23. Plantiff took up observation At the officers present within the booking room At OKTIBBEHA CNTY JAIL which Are: Jailer William Schaefer; Jailer Brandon Griggs; Jailer Rick Emerson; Deputy Archie Sayers; DEPUTY JEFF Mann; And DEPUTY GEORGE CARRITHERS.

24. Plantiff remained on Knees before the mop bucket, And Approx. 5 minutes later, the OKT. CNTY JAIL ADMINISTRATOR: EDDIE T. Young came rushing into the booking room And unlawfully Assaulted Plantiff by Kicking plantiff in the face with his feet.

25. THE JAIL ADMINISTRATOR reiterated remarks stating: "You're going to learn your lesson boy for dealing with my officers, And plantiff was snatched up by the ADMINISTRATOR And thrown into An padded cell faced down with restraint gear still on, while handcuffed behind.

26. The 3rd shift JAILERS were making preparations to leave without possibly providing medical Assistance for multiple injuries sustained.

27. THE 1st shift JAILERS And Deputies Arrived whom Are: JAILER: ED BIASINGAME; JAILER REGINA SYKES; JAILER ANGIE Brown; JAILER Undra Peoples; Jailer JIMMY VAUGHNs; DEPUTY Anthony Johnson; DEPUTY GEORGE CARRITHERS; DEPUTY JEFF Mann; DEPUTY JAMES LINDSEY; DEPUTY SHERRIF DOLPH BrYAN And OKT. CnTY JAIL ADMINISTRATOR: EDDIE T. Young All whom had Knowledge that Plantiff hAd serious medical needs being so obvious that EVEN A lay person would EASily recognize the necessity for A doctors Attention, but Plantiff was further ignored.

28. PLANTIFF suffered from following injuries inflicted by Unit Are: multiple bruises in facial Area such As swollen eyes, busted lip and swollen lumps in the back of head with the result of severe headaches followed by painful breathing, Abrasion(s) to Arm And Ankle; restraint gear inAppropriately Applied,

# CONTINUATION OF QUESTION (9)

29. Plantiff also allege, bruises on chest, neck, and torso area that had been inflicted by the unit of officers, which transpired on main jail floor.

30. During 1st shift security check, jailers Sykes and Blasingame informed plantiff per. orders from the Administrator Young that lockdown in padded cell confirmed for 24 hrs, due to incident.

31. Plantiff remained in padded cell on Dec. 16, 2004 from the orders of Administrator and further denial of immediate medical attention.

32. Plantiff suffered from several hours the chemicals sustained in clothing, unsanitized cell and further denied clean clothing, bedding, toilet articles while in harsh restraints, during 1st shift on Dec. 16, 2004.

33. Defendant Terry Bell opened padded cell to feed lunch to plantiff, but refused to free plantiff of cuffs and restraint gear, nor medical assistance.

34. Defendant Terry Bell whom was involved in an prior incident on November 16, 2003, whom participated in denial of food on December 16, 2004.

35. Plantiff remained confined in padded cell until 2nd shift arrived, whereby no effort was made to provide medical assistance from 1st shift officers.

36. Defendant Shonda Deloach arrived at padded cell and opened the cell and stated she didn't have anything to do with it and she is just following orders.

37. Plantiff informed defendant Deloach to call my family members regarding the incident immediately.

38. Plantiff was offered food from defendant Deloach but offer rejected due to pepper spray taste in mouth.

## CONTINUATION OF QUESTION (9)

39. During the course of 2nd shift, Supervising Jailer SHONDA DELOACH did not seek to provide medical assistance, but rather displayed concern for position as an employee at the OKT. CNTY. JAIL on Dec. 16, 2004.

40. Plantiff remained in full body restraints while cuffed behind and further deprived of clean clothing, bedding, and toilet articles in padded cell.

41. Plantiff made several attempts to sleep the pain away, but it was impossible under such conditions.

42. At approximately 10:15 P.M. Dec. 16, 2004 the 2nd shift were relieved by 3rd shift defendants arriving at OKTIBBEHA CNTY. JAIL, regarding night shift.

43. Defendant Branson whom being absent when incident transpired through early morning hrs. of Dec. 16, 2004 arrived at padded cell and observed plantiff's injuries.

44. Defendant Branson stated in disbelief, who did that to you STEVE and why are you locked in this cell?

45. Plantiff stated to defendant Branson to please notify my family members, and please get me medical attention ASAP!

46. Defendant Branson informed plantiff that request would be pursued regarding the phonecall, but medical attention is beyond my power.

47. Defendant Branson then left, and defendant Emerson entered padded cell seeking answers as to why defendant Schaefer jumped on you STEVE.

48. Plantiff disregarded questioning directed from defendant Emerson and sought other remedies, as to recieving medical attention, showers, clean clothing, blanket, and phonecall.

# CONTINUATION OF QUESTION (9)

49. DEFENDANTS EMERSON; GRIGGS stated to plantiff that body restraints will be taken off per orders of Supervising JAILER: Kathleen Odneal during 3rd shift.

50. Upon orders from defendant ODNEAL to Allow plantiff bathroom privileges, but denial of shower.

51. Defendant ODNEAL Authorized JAiler Brandon Griggs and William Schaefer to escort plantiff to the booking room where bathroom utilities were, but plantiff remained cautious.

52. Plantiff cooperated with defendants Grigg and Schaefer while being placed back into padded cell without body restraint and further remained cautious, under the same conditions, during 3rd shift.

53. Plantiff was visited by defendant Emerson upon confinement in padded cell And stated that they did you wrong, in addition to the surveillance cameras that caught the chain of events.

54. After discussion with defendant Emerson, defendant Branson entered padded cell and further observed the multiple injuries sustained and stated An phonecall was placed to her family member named Jasmin Branson.

55. Plantiff further requested medical Attention, due to severe headaches, left/right wrists badly bruised, stench of unsanitized cell, facial Area swollen, And multiple cuts, scratches And bruises Around neck And chest Area upon observation by 3rd shift, but was denied medical Attention through 3rd shift officers.

# CONTINUATION OF QUESTION (9)

56. Further confined in padded cell on 3rd shift, as hrs. passed defendant Johnson visited plantiff and asked about my injuries, but plantiff further requested medical attention through defendant Johnson.

57. Plantiff remained alert and without rest throughout the 3rd shift until morning of Dec. 17, 2004 suffering under harsh conditions.

58. On the early morning hrs. of Dec. 17, 2004 defendant Emerson arrived at padded cell to feed breakfast, but plantiff couldn't eat, due to painful swollowing and continuous pain in jaw area.

59. Plantiff was further deprived of right to medical attention, clean clothing, bedding, toilet articles, while in padded cell from defendants: Emerson, ODNEAL, GRIGGS, SCHAEFER, Johnson, and Branson regarding 3rd shift defendants.

60. Plantiff further suffered from 24 hour period of not eating, due to harsh conditions regarding 3rd shift.

61. Upon arrival of 1st shift defendants, plantiff was further confined in padded cell where injuries were still obvious that even a lay person would easily recognize the need for a doctors attention, as observed on Dec. 17, 2004.

62. Defendant Blasingame performed an security check arriving at padded cell and informed plantiff that shower, accompanied with basic necessities and one phone call will be provided during early morning hrs. on Dec. 17, 2004.

## CONTINUATION OF QUESTION (9)

63. Defendant Blasingame unlocked padded cell approx. 10 minutes later and plantiff exited, being observed by defendants: Sykes, Brown, Peoples, Sayers, while escorted to booking room where showers are located.

64. At the shower area, plantiff disposed of chemical covered clothing and begin to shower.

65. The exposure of the hot shower was very complicated, due to injuries sustained.

66. Plantiff finished shower and recieved permission to use Okt. Cnty Jail booking room phone, where family were notified of incident regarding assaultive actions and denial of medical attention.

67. Plantiff phonecalled (Mother) MARTHA HARRIS; (FATHER) MALICHI RANDLE; (Sisters) Jannice Coggins, SHIRLEY HARRIS; (Brother) STEVE HARRIS; (Girlfriend) KEMETHA Rupert informing them of chain of events.

68. Defendant being present in booking room overheard conversation and ordered plantiff off the phone, and returned plantiff to padded cell.

69. Plantiff further requested medical attention through defendants: Sykes, Blasingame, and Young where pain was serious because it consisted of severe headaches, swelling, numbness in hands from unlawful use of restraints, followed by painful breathing, and numerous bruises and abrasions to arms, legs, torso, face and head, but requests denied.

# CONTINUATION OF QUESTION #(9)

70. DEFENDANT SYKES Arrived At padded cell And informed plantiff that numerous phone calls been made from family members.

71. DEFENDANT SYKES further stated family concerns were to schedule visitation with plantiff immediately on DEC. 17, 2004.

72. Shortly After plantiff being informed by defendant SYKES that family members were present At lobby Area of OKT. COUNTY JAIL, where visitation was requested by Malichi Randle, And Steve Harris, And other unknown close-related family.

73. Plantiff was further informed by defendant SYKES that visitation was denied for security reasons.

74. Plantiff then requested to press charges through defendants: Vaughn, SYKES, Blasingame, And Carrithers, but never recieved that opportunity.

75. Plantiff being escorted to booking room Area by defendant Peoples for bathroom purposes, And defendant Peoples Allowed photos to be taken secretly in the laundry room on DEC. 17, 2004.

76. While plantiff being escorted back to padded cell, A disturbance transpired in the lobby Area of OKT. CNTY JAIL.

77. DEFENDANT Blasingame shortly After that plantiff's brother had been Arrested for disorderly conduct And resisting Arrest.

78. DEFENDANT SYKES And Blasingame granted plantiff A chance to talk to him: Steve Harris while confined in An holding cell. Shortly After, plantiff's brother meet the requirements of bond release, And walked to padded cell And observed plantiff's injuries And then was bonded out by JAnnice Coggins At OKTIBBENA CNTY JAIL.

# CONTINUATION OF QUESTION (9)

79. Plantiff further was confined in padded cell, and defendant Blasingame escorted plantiff to booking room area to use the phone, due to multiple calls from family members being concerned at how plantiff was currently being treated at Okt. Cnty Jail on 17th of Dec. 2004.

80. Plantiff informed Jannice Coggins, Kemetha Rupert, Steve Harris, Malichi Randle, and Martha Harris that medical attention has been denied, suffering from fear of life being in danger from assaultive action, and further stated that plantiff requests to be transferred to another cnty jail. After info passed to family, defendant Blasingame returned plantiff to padded cell.

81. Shortly after the efforts from family members failed regarding serious medical needs and plantiff was further denied by defendants: Sykes, Blasingame, Young, and Carrithers, whereby acts described were disregarded as an cover-up regarding assaultive actions. The following continued through 2nd shift and 3rd shift on 17th of Dec.04, where plantiff remained confined in padded cell, while asleep.

82. On Dec. 18, 2004 plantiff's appointed counsel arrived at Okt. Cnty Jail and summoned defendant Sykes to release plantiff from padded cell in order to communicate. Pearson Liddell being councel appeared to be shocked upon observation of inflicted injuries on facial area, and bruises and abrasions to neck, left/right wrist where injuries were still obvious as medical attention was needed.

## CONTINUATION OF QUESTION # (9)

83. Appointed Councel; PEARSON LIDDELL requested privacy to be held within visitation Area, where questioning begin. MR. LIDDELL presented An ▮▮▮▮▮ note-pad And pen further demanding to know what exactly took place At OKT. CNTY JAIL. Plantiff informed councel regarding chain of events, denial of medical Attention, Assaultive Actions, transfer, And the concerned family members involved.

84. Councel continued to gather All Available infomation relative to defendants: Young, Carrithers, Sykes, Blasingame, And Bryan. And then MR. LIDDELL proceeded with Another form of questions where councel Appeared to be examining plantiff with direct questions regarding psychological issues. Councel then stated MR. HARRIS I'll make sure you get to An hospital And transfer granted immediately. Plantiff begin to show hysterical Actions while in presence of counsel on DEC 18, 2004.

85. After Councel Ended discussion with plantiff, defendAnt Bryan Authorized for plantiff to be released from padded cell And placed in juvenile Area, cell J3 where plantiff Awaited the power of Appointed councel to provide requested Assistance.

86. Plantiff further phoned family, WCBI A local news company, whom plantiff held An discussion with MR. R.H. Brown About chain of events At OKT. CNTY JAIL. The News employee stated he would be willing to gain news coverage on these events. On DEC 19, 2004 I realized that councel didn't Act on his power, where plantiff was further confined within An Environment that condoned violence, conspire to cover-up events, where defendants listed in complaint have Abused power. Plantiff suffered under such conditions from DECEMBER 15, 2004 to JAN 26, 2005 the day I was revoked.

# CONTINUATION OF QUESTION #(9)

CLAIMS FOR RELIEF

87. The Actions of defendants SYKES, BLASINGAME, Young, And Carrithers to provide Access As defined by law to Administrative remedies, or obtaining court Access constituted to Due Process CLAuse of 14th Amendment of United STATES CONSTITUTION.

88. The failure of defendants Bryan, Young, SYKES, Blasing-Ame, And Carrithers with regard to obtaining legal Access As defined by law, or to Afford constitutional protection, whereby constitutes the tort of negligence under the law of TORTS Actionable under M. T. C. A.

89. The Actions of defendants Schaefer, Griggs, Emerson, Sayers, Carrithers Acting As A unit, whom used excessive force Against plantiff, or in failing to intervene to prevent the misuse of force without need or provocation constituted cruel and unusual punishment in violation of 8th Amend. of the United STATes Constitution.

90. The Actions of defendant Schaefer in using unlawful force without probable cause dispersing chemical deterrent in eyes accompanied with striking plantiff with MASE can, describing the events Above with regard to one proximate cause without need or provocation constituted the tort of Assault and battery under the law of the 8th Amend. of the United STATES CONSTITUTION.

91. The failure of defendants Bryan, Young, Carrithers, ███, to tAke control to protect or other Action to curb the known pattern of An pervasive risk constituted deliberate indifference. And contributed to And proximately caused the Above violation of the 8th Amend. rights. And Assault And battery.

# CONTINUATION OF QUESTION # (9)

## CLAIMS OF RELIEF

92. The Actions of defendant Young in using physical force without authority of law striking plantiff's face with feet, while in full body restraints without need or provocation constituted reckless indifference and contributed to an violation of 8th Amend. of U.S. CONSTITUTION.

93. The Actions of defendants Schaefer, Griggs, Emerson, Sayers, Mann, Carrithers all acted with ill will, and great disregard acting as bystanders regarding the attack described above and did nothing to stop it constitutes cruel and unusual punishment defined by 8th Amendment of U.S. CONSTITUTION.

94. The failure of defendants acting as a unit deliberately compelled plantiff to suffer through torture related to mop bucket, where actions displayed malicious and sadistic demeanor, constituted to cruel and unusual punishment by 8th Amend. of UNITED STATES CONSTITUTION.

95. The Actions of Young, Schaefer, Carrithers, Sayers, Emerson, and Griggs in using physical force against plantiff without need or provocation by throwing plantiff into padded cell faced down, and or failure to intervene to prevent misuse of force done maliciously and sadistically constituted the tort of assault and battery under the law of TORTS under the M.T.C.A.

96. The Actions of Young, Carrithers, Schaefer, Griggs, Emerson in the unlawful use of restraints and further inflicting injuries where suffering under harsh conditions of restraints constituted misuse of force in violation of 8th Amend. of U.S. CONSTITUTION.

# CONTINUATION OF QUESTION #(9)

CLAIMS OF RELIEF

97. The failure of defendants Bryan, Young, Carrithers And subordinates in refusing to provide serious medical needs being so obvious upon observation constituted deliberate indifference, lack of due care resulted in violation of the 8th Amendment of the U.S. Constitution.

98. The Actions of Bryan, Young, Carrithers And subordinates further subjected plantiff to harsh conditions where deprived of clean clothing, bedding, toilet articles, And denial of food for 24 hour period without need or provocation, or in failing to intervene to prevent the known deprivations being done with reckless disregard constituted cruel And unusual punishment in violation of 8th Amendment of the United STATES CONSTITUTION.

99. The Actions of defendants Sykes, DELOACH, ODNEAL, Branson, Vaughn, Peoples, Bell, Blasingame, Johnson, Brown, And Young owed plantiff reasonable protection where neglected Acts show reckless disregard in response to danger constituted negligence or wrongful Act or omission of Any Employee Acting under color of STATE LAW constituted the tort of intentional infliction of mental or Emotional distress under the law of TORTS Actionable under M.T.C.A.

100. The failure of defendants Bryan, Young, Carrithers, And subordinates further denied serious medical need "Knowingly", whereby infringement of rights were so extreme And sweeping, or obvious creating A pattern of placing plantiff under imminent danger that continued through Entire stay constituted obstruction of justice where reports conformed constituted violation of §1985 conspiracy Actionable under 42 U.S.C.A §1983.

# CONTINUATION OF QUESTION #(10)

4. Defendants Bryan, Carrithers, and Young failed to take action to curb the Known deprivations where violence were condoned violated plantiff's rights under 8th Amend of U.S. CONST. constituted An assault and battery.

5. Defendants Bryan, Carrithers, Young or Agents in deliberately denying serious medical need for the plantiff violated, and continuation; Absent any power to Assist violated plantiff's rights under the 8th Amend. to the U.S. CONSTITUTION.

B. Issue An injunction ordering defendants Bryan, Young, Carrithers or their Agents to:

1. Immediately Arrange for plantiff's detainer (Attached) to be removed from custody of defendants for purposes of preventing defendants upon taking custody, And have detainer passed to Another local jail within jurisdiction.

2. Immediately Adhere to protective standards in notifying the proper Authority in ~~██████~~ refiling detainer, due to fear of future harm, where Awards of damages would not Adequately protect plantiff.

3. Carry out without delay the detainer described in this complaint And submit the Appropriate service.

# CONTINUATION OF QUESTION #(10)

C. Award compensatory damages in the following ████████:
jointly and severally against:

1. Defendants Young, Carrithers, and subordinates for depriving plantiff the right to be protected against the imminent danger exposed with a result of known deprivations of due process.

2. Defendants Schaefer, Griggs, Emerson, Sayers, and Carrithers for physical punishment inflicted, where bystanding subordinates failed to intervene further resulting in emotional injury sustained as a result of plantiff's beatings.

3. Defendants Schaefer and Young for misuse of force with ill will, torture, mere shock and reckless indifference resulting emoti-onal distress and mental anguish as results from the attacks.

4. Defendants Young, Carrithers, and subordinates in unlawful use of restraints further inflicting psychological damage inclu-ding physical pain and injury resulted from indecent acts.

5. Defendants Young, Bryan, Carrithers, and subordinates for physical pain and multiple injuries towards the quality of life resulting from their failure to provide serious medical needs to plantiff.

D. Award punitive damages against defendants Bryan, Young, Carrithers, Sayers, Johnson, Blasingame, Sykes, Deloach, Odneal, Bell, Griggs, Schaefer, Brown, Branson, Peoples, Emerson, Mann, and Vaughn.

## CONTINUATION OF QUESTION #(10)

E. Grant such other relief as it may appear that plantiff is entitled to.

DATE: 2-20-06

Respectfully submitted,

STEVEN HARRIS #K-2472
STU 7 3-2, P.O. Box 1419
LEAKESVILLE, MS 39451

This Complaint was executed at (location): SMCI (1) (M) 3-2
And I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Plaintiff's Signature

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## DETAINER ACTION LETTER

TO: OFFICE OF THE DISTRICT ATTORNEY

P. O. BOX 1044

COLUMBUS, MS 39703

Institution:
MDOC Records Dept.
Parchman, MS 38738

Date: 03-16-05

| NAME | NUMBER | LOCATION |
|------|--------|----------|
| HARRIS, STEPHEN | K2472 | UNIT 32 BLD A |
| ASSAULT ON LEO, CAUSE NO. 2004-0062 | & 2005-0070 | |

**Dear Sir:**

The below checked paragraph relates to the above named inmate: _____

**XX** A detainer has been filed against this subject in your favor for SEE ABOVE _____ Release is tentatively scheduled for 04-25-08 _____, however we will again notify you approximately 60 days prior to actual release,

_____ We have been advised that the above named subject is in your facility. Please lodge the attached certified _____ as a detainer for this institution and mark your records to notify us prior of any type of release. Also advise if subject will waive extradition. We will extradite,

_____ Your detainer was removed on the basis of _____ Notify this office immediately, if you do not concur with this action.

_____ Your letter dated _____ request notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____

_____ A detainer was lodged for your agency on _____, for _____ The prisoner is scheduled for discharge/parole from this institution on _____ The inmate is housed _____ Please advise if you will assume custody on that date between the hours of 8:00 and 5:00. Subject did/did not sign waiver of extradition.

_____ Pursuant to your request attached is the information requested.

_____ Please find enclosed your correspondence on the above named subject. They are being returned for the following reason: _____

Sincerely,

*[signature]* (MT) Records Tech. Supervisor
Corr. Chief Records Officer
**MISSISSIPPI DEPARTMENT
OF CORRECTIONS**

PC: 1) Inmate    2) File    3) Offender Services

RECORDS DEPARTMENT, POST OFFICE BOX 880, PARCHMAN, NIS 38738